Filed 3/29/16  P. v. Cooper CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C079747 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F08062) |
| v. | |
| KYLE SPENCER COOPER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Kyle Spencer Cooper has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.[1]  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

---

[1]     Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

On November 27, 2012, at approximately 11:30 a.m., Jag Singh was working alone at an AM/PM on Madison Avenue in Fair Oaks when defendant came into the store wearing a brown jacket and hat. Defendant told Singh he wanted Newport 100 cigarettes. Singh got the cigarettes and placed them on the counter. Defendant pulled out some bills and then reached into his pocket, pulled out a small black gun, pointed it at Singh and told him to "get back." Defendant then reached over the counter and took money from the open cash register. Defendant left with about $400. Singh was able to identify defendant as the man who robbed him.

Also on November 27, 2012, at approximately 2:30 p.m., Ramon Orozco was working alone at an AM/PM on Florin Road in Sacramento, when defendant came into the store and robbed him at gunpoint with a small black short-barreled revolver. Defendant asked for Newport cigarettes and, as soon as the cash register opened, he lunged over the counter, took approximately $230 to $250 in cash from the register and left. The robbery was captured on the store surveillance camera. Orozco was also able to identify defendant as the man who robbed him.

On November 30, 2012, at approximately 6:00 p.m., Davinder Kumar was working alone at a Shell gas station on East Stockton Boulevard in Elk Grove, when defendant came into the store and asked him for some "GPC Red" cigarettes. When Kumar opened the register, defendant pulled out a revolver, told him to "step back," took the cash from the register, and walked out. Defendant was wearing a black jacket and a black San Francisco Giants baseball hat with blue accents. The robbery was captured by the store surveillance camera.

Defendant's fingerprint was found at the scene of the Shell gas station robbery. It was also discovered that defendant had left fingerprints on the cash registers of one of the AM/PM stores he robbed.

2

Defendant was arrested on December 4, 2012. In his car, police found a Smith & Wesson snub-nose revolver containing two live .38 cartridges and three expended casings. Police then went to defendant's home address and inside another of defendant's cars, found a loaded Norinco SKS assault rifle with an extended magazine containing 7.62 cartridges. The car also contained clothing matching that which defendant wore during the Shell gas station robbery.

Defendant was charged with three counts of robbery (Pen. Code, § 211; counts one, three and five),[2] four counts of being a felon in possession of a firearm (§ 29800, subd. (a)(1); counts two, four, six, and eight), and one count of possession of an SKS assault rifle (§ 30605, subd. (a); count seven). It was further alleged that defendant personally used a firearm in the commission of each robbery. (§ 12022.53, subd. (b).) It was also alleged that defendant had a prior strike conviction in 2000 for assault with a firearm. (§§ 667, subds. (b)-(i), 1170.12.)

On December 17, 2013, a jury found defendant guilty of all counts and found true that he personally used a firearm in the commission of each robbery. At a subsequent bench trial, the trial court found the prior felony strike conviction true.

Sentencing took place on June 5, 2015. The trial court sentenced defendant to an aggregate term of 37 years in state prison as follows: 20 years for the robbery in count one (the upper term of five years, doubled for the strike prior, plus 10 years for gun use); five years four months for the robbery in count three (one-third the midterm for robbery and for the use of a gun, doubled); five years four months for the robbery in count five (one-third the midterm for robbery and for the use of a gun, doubled); one year four months for the possession of an SKS assault rifle on count seven (one-third the midterm, doubled); and five years for the strike prior. Sentences on the remaining counts for being

---

[2]     Undesignated statutory references are to the Penal Code.

3

felon in possession of a firearm (counts two, four, six, and eight) were stayed. The trial court also ordered defendant to pay various fines and fees, and awarded him with 1051 days of presentence custody credit. Defendant appeals.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


     NICHOLSON    , J.


We concur:


     RAYE          , P. J.


     BLEASE       , J.

4